UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DERRICK OLIVER,                           )
    Petitioner,                          )
                              )
      v.                                    )          C.A. No. 13-598-M
                              )
ASHBEL T. WALL,                           )
    Respondent.                          )
                              )

## MEMORANDUM AND ORDER

JOHN J. McCONNELL, JR., United States District Judge.

Derrick Oliver filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. (ECF No. 1.) He contends that a 2009 R.I. Superior Court conviction violated his Fifth Amendment right to be free of double jeopardy. *Id.* at 1, 5. The State seeks dismissal of Mr. Oliver's petition because the R.I. Supreme Court's decision denying his double jeopardy claim neither was contrary to, nor an unreasonable application of, clearly established U.S. Supreme Court law. (ECF No. 6 at 3; ECF No. 11 at 1.)

### Background

In October of 2005, a Providence County grand jury indicted Mr. Oliver for first degree robbery (Count I), assault with a dangerous weapon, a knife (Count II), and violating a no contact order (Count III). (Case No. P1-2005-3178A.) (ECF No. 10 at 7; *State v. Oliver*, 68 A.3d 549, 551 (R.I. 2013)(affirming Mr. Oliver's convictions.[1]) These charges pertain to events on April 25, 2005 involving Mr. Oliver and a former girlfriend, Gina Rivera. *Id.*; *Oliver*, 68

---

[1] Facts are taken from the R.I. Supreme Court opinion affirming Mr. Oliver's convictions, "supplemented with other record facts consistent with the [R.I. Supreme Court's] findings." *Shuman v. Spencer*, 636 F.3d 24, 27 (1st Cir. 2011) (quoting *Yeboah-Sefah v. Ficco*, 556 F.3d 53, 62 (1st Cir. 2009)).

A.2d at 551.  This case was consolidated with another[2] for trial, and Mr. Oliver waived his right to a jury.  *Oliver*, 68 A.3d at 551, 553 n.3.  The bench trial began on March 12, 2009 and lasted for three days.  *Id.* at 553.

The R.I. Superior Court found Ms. Rivera credible.  (ECF No. 1-2 at 20.)  It determined that on April 25, 2005, as she neared her car in a parking lot, Mr. Oliver approached her and requested a ride.  *Id.* at 20-21.  She refused.  *Id.* at 21.  Then Mr. Oliver stabbed her, sliced her, punctured her, pushed her down, and repeatedly banged her head against the ground.  *Id.* at 21-23.  He left her on the ground, helpless, to bleed out.  *Id.* at 23, 24.  Then he took her purse and car keys, and departed in her car.  *Id.*

On March 16, 2009, the R.I. Superior Court convicted Mr. Oliver of Count II, assault with a dangerous weapon, and Count III, violating a no contact order.  *Oliver*, 68 A.2d at 553; *see also* ECF No. 6-2 at 23-24.  Regarding Count I, the robbery charge, the R.I. Superior Court requested further briefing regarding whether convictions for both robbery and assault with a dangerous weapon would violate the Double Jeopardy Clause.  *Id.*; *see also* ECF No. 6-2 at 16, 20, 24.

After briefing, on May 21, 2009, the R.I. Superior Court determined that it could not convict Mr. Oliver of first degree robbery because the assault was not related to taking her keys, purse, and car; rather they were two separate events.  *Id.* at 553-54.  The R.I. Superior Court explained that "[w]hen he took her car and he took her purse and took her keys, her certainly has not done it with any element of force, violence, or intimidation."  (ECF No. 1-2 at 24.)  When he took those things, Ms. Rivera "was already disabled."  *Id.*  Based on these facts, the R.I. Superior

---

[2] The other case pertained to September 21, 2004 events involving Mr. Oliver and Ms. Rivera, and Mr. Oliver was charged with domestic assault with a dangerous weapon, violating a protective order, and assault with a dangerous weapon.  (Case No. P2-2005-1869A.)  *Oliver*, 68 A.3d at 551.

Court concluded that the lesser included offense of larceny was appropriate and had been proven by the State beyond a reasonable doubt. *Id.* at 25.

Accordingly, on Count I, the R.I. Superior Court convicted Mr. Oliver of larceny, a lesser included offense of the robbery charge. *Id.* The Superior Court reiterated its earlier findings that he was guilty as charged of both Count II, assault with a dangerous weapon, and Count III, violation of a no contact order. *Id.* at 25. Mr. Oliver was sentenced on August 6, 2009. *Oliver*, 68 A.2d at 554.

Mr. Olivier appealed to the R.I. Supreme Court, raising two issues. *Id.* at 551. His second issue there is relevant here: whether "his convictions for both larceny and assault with a dangerous weapon violated the Double Jeopardy Clauses of the United States and Rhode Island Constitutions." *Id.* The R.I. Supreme Court "noted that the Fifth Amendment to the United States Constitution 'is echoed in [a]rticle 1, section 7, of the Rhode Island Constitution.'" *Id.* at 557 n.11 (quoting *State v. Grayhurst*, 852 A.2d 491, 501 (R.I. 2004)). It then analyzed the double jeopardy issue by referring to its cases that rely on the U.S. Supreme Court's decision *Blockburger v. United States*, 284 U.S. 299 (1992). *Id.* at 557. The *Blockburger* "same evidence" "test provides that, 'where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.'" *Id.* (quoting *State v. Davis*, 384 A.2d 1061, 1064 (R.I. 1978) (quoting *Blockburger*, 284 U.S. at 304)).

The R.I. Supreme Court focused on the "critical fact" that Mr. Oliver was convicted of larceny, not robbery. *Id.* It noted that assault with a dangerous weapon is not a lesser included offense of larceny. *Id.* at 558. Further, the R.I. Supreme Court noted the R.I. Superior Court's

finding that that the larceny was a subsequent event to the attack, and the attack was not done to steal the purse or the car. *Id.* Since "[t]he Double Jeopardy Clause is concerned with successive punishment for '*the same act or transaction*," *id.* (quoting *Davis*, 384 A.2d at 1064), the R.I. Supreme Court concluded that Mr. Oliver's convictions for assault with a dangerous weapon and larceny did not violate the Double Jeopardy Clause "because the assault with a dangerous weapon was an event that was entirely distinct from the larceny." *Id.*

In August of this year, Mr. Oliver filed a habeas petition in this Court. (ECF No. 1.) Here, he contends that his Superior Court conviction violates "the protection against double jeopardy" because he was "convicted to two lesser-included offenses of the offense charged." *Id.* at 5. In a memorandum accompanying his petition, Mr. Oliver explains that larceny and assault with a dangerous weapon are offenses "contained within the ambit of the offense of armed robbery." (ECF No. 1-1 at 6.) He claims that "render[ing] a single offense of armed robbery into separate offenses of assault and theft is highly offensive to the Double Jeopardy clause." *Id.* He argues it was wrong for the R.I. Superior Court to "separate the acts of larceny and assault from the charge of armed robbery to create distinct offenses." *Id.* Mr. Oliver asks this Court to vacate his conviction and sentence on Count II, assault with a dangerous weapon. (ECF No. 1. at 15.)

### Standard of Review

"The Anti-terrorism and Effective Death Penalty Act ('AEDPA') significantly limits the scope of federal habeas review." *Creighton v. Hall*, 310 F.3d 221, 225 (1st Cir. 2002). Here, where the R.I. Supreme Court has denied Mr. Oliver's Double Jeopardy claim, this Court is bound by "the constraints of the AEDPA." *Jackson v. Coalter*, 337 F.3d 74, 81 (1st Cir. 2003). This Court cannot grant relief unless that state court's "adjudicat[ion] on the merits" either:

4

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Here, the ground raised in Mr. Oliver's petition is legal, not factual, so this Court looks to § 2254(d)(1).  (ECF No. 1 at 5.)

Regarding § 2254(d)(1)'s first clause, the U.S. Supreme Court has interpreted "contrary" to mean "diametrically different" or "mutually opposed." *Williams v. Taylor*, 529 U.S. 362, 405 (2000).  "Therefore, a state court decision is 'contrary to' established Supreme Court precedent if the state court manages to 'arrive[ ] at a conclusion opposite to that reached by [the Supreme] Court on a question of law' or 'decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'" *Jackson*, 337 F.3d at 81 (quoting *Williams*, 529 U.S. at 413).

Regarding the second clause of § 2254(d)(1), the Supreme Court has explained that an "unreasonable application" of Supreme Court precedent occurs when "the state court identifies the correct governing legal principle from [the U.S. Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (quoting *Williams*, 529 U.S. at 413.)  "This type of scenario may emerge when a state court either 'unreasonably extends a legal principle . . . to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" *Id.* (quoting *Williams*, 529 U.S. at 407).  Notably, however, "not every incorrect application of federal law amounts to an unreasonable application of federal law." *Id.* (citing *Williams*, 529 U.S. at 410).  Consequently, "a habeas petitioner must do more than merely identify an incorrect result." *Id.*

**Analysis**

"The Double Jeopardy Clause provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" *Id.* at 81 (quoting U.S. Const. Amend. V, cl. 2). "This proviso affords protection in three different types of situations: 'It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" *Id.* (quoting *United States v. Ortiz-Alarcon*, 917 F.2d 651, 653 (1st Cir. 1990)).

In his petition, Mr. Oliver contends that he was "convicted of two lesser-included offenses of the offense charged." (ECF No. 1 at 5.)[3] Mr. Oliver refers to his original Count I charge of robbery, his Count I conviction for larceny, and his Count II conviction for assault with a dangerous weapon. In response to this argument, the R.I. Supreme Court correctly noted that Mr. Oliver overlooks the "critical fact" that "he was not convicted of robbery." *Oliver*, 68 A.3d at 557.[4] Further, in evaluating whether the two relevant convictions – larceny and assault with a dangerous weapon – might possibly contravene the protection against double jeopardy, the R.I. Supreme Court relied on the "same evidence" test set forth by the U.S. Supreme Court[5] in *Blockburger*. *Id.* at 557-58. Since Mr. Oliver's larceny conviction and his assault with a

---

[3] Mr. Oliver's petition also states that when he was convicted of larceny in Count I, he was acquitted "of the offense of which I was subsequently found guilty on [Count II] of the indictment." *Id.* This statement is incorrect. Mr. Oliver was convicted of larceny not robbery because his behavior occurred in two separate acts: the attack on Ms. Rivera was "entirely distinct" from the "subsequent event" of taking her purse, keys, and car. *Oliver*, 68 A.3d at 558. Mr. Oliver was not acquitted of assault. He was found to have brutally attacked Ms. Rivera.

[4] Mr. Oliver also seems to argue in his memorandum that his robbery charge somehow morphed into two separate charges. (ECF No. 1-1 at 6.) This too is incorrect. In Count I, Mr. Oliver was charged with robbery but convicted of larceny. In Count II, Mr. Oliver was charged with and convicted of assault with a dangerous weapon. Count I did not result in two convictions.

[5] The cases cited in Mr. Oliver's Motion to Supplement contain no authority indicating that the R.I. Supreme Court acted contrary to, or unreasonably applied, U.S. Supreme Court law. (ECF No. 12.)

dangerous weapon conviction were based on two distinct events, and not "the same act or transaction," *id.* at 558 (quoting *Davis*, 384 A.2d at 1064), the R.I. Supreme Court concluded that his convictions did not run afoul of the protection against double jeopardy. *Id.*

The R.I. Supreme Court analyzed Mr. Oliver's double jeopardy argument under U.S. Supreme Court precedent.  Since the R.I. Supreme Court's analysis neither was contrary to, nor an unreasonable application of, U.S. Supreme Court law, habeas relief cannot be granted.

### Conclusion

The State's Motion to Dismiss (ECF No. 6) is GRANTED and Mr. Oliver's Petition is DISMISSED.  Since Mr. Oliver has not "made a substantial showing of the denial of a constitutional right," this Court will not issue a certificate of appealability.  *See* 28 U.S.C. § 2253.


IT IS SO ORDERED.

_____

John J. McConnell, Jr.
United States District Judge

November 4, 2013